## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ANGEL LUIS OLIVERAS, JR., | DOMESTIC CASE NO. DM0385-19 |
| PLAINTIFF, | |
| vs. | DECISION AND ORDER<br>(Defendant's Motion to Dismiss) |
| KAITLYN OLIVERAS, | |
| DEFENDANT. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 5, 2019, upon a motion hearing for Defendant's Motion to Dismiss Complaint for Divorce. Mot. Dismiss (Sept. 11, 2019). Kaitlyn Oliveras ("Defendant") is represented by Attorney Daron J. Berman of Berman O'Connor & Mann. Angel Luis Oliveras, Jr., ("Plaintiff") is represented by Darleen E. Hiton of Phillips & Bordallo, P.C. Upon review of the parties' pleadings, oral arguments and legal authorities, the Court hereby **DENIES** Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff and Defendant married on September 4, 2009, in the state of Washington, and have since been husband and wife. Verified Am. Compl. at ¶ 2 (Oct. 22, 2019). Plaintiff is an active member of the U.S. Armed Forces, *i.e.* the U.S. Navy. *Id.* at ¶ 4. Defendant works in Arkansas and earns ten dollars per hour. Def.'s Decl. at ¶ 8 (Sept. 17, 2019). The parties' have two children together: Brielle Oliveras (DOB: 09/23/2010) and Anthony Oliveras (DOB: 07/24/2012). Def.'s

Decl. at ¶ 6. The parties share custody over the children; Defendant retains primary physical custody, whereas Plaintiff is given reasonable visitation. Ex. "A" at ¶ 3 (Jul. 30, 2019); Verified Am. Compl. at ¶ 7.

The parties lived together from 2009 to 2016 but began living separately in 2017.[1] Def.'s Decl. at ¶ 4. Together, the parties lived in: Washington (2009-2010), Guam (2010-2012), and California (2012-2016). *Id.* In 2017, Defendant moved to Arkansas, where she and the children currently reside. *Id.* Plaintiff returned to Guam in February 2018, where he purportedly began establishing residency. Opp'n Mot. at 2, 6 (Oct. 22, 2019); Pl.'s Decl. at ¶ 6 (Oct. 22, 2019). He has since involved himself in another ongoing romantic relationship. Opp'n Mot. at 3; Pl.'s Decl. at ¶ 8.

On July 11, 2019, Plaintiff filed a Verified Complaint for Divorce with the Superior Court of Guam. Compl. (Jul. 11, 2019). A month later, Defendant filed an Answer. Answer (Aug. 14, 2019). She subsequently filed her Motion to Dismiss Complaint for Divorce with the Superior Court of Guam on September 11, 2019. Mot. Dismiss (Sept. 11, 2019). Attached was her Exhibit "A," a Petition for Dissolution of Marriage in Benton County, Arkansas filed July 30, 2019. Def.'s Decl. at ¶ 6; Ex. "A". She filed her declaration shortly after.

On October 22, 2019, Plaintiff responded with an Opposition to Defendant's Motion to Dismiss Complaint for Divorce, a Motion to Amend Complaint and a Verified Amended Complaint for Divorce. Mot. Amd. (Oct. 22, 2019). Plaintiff made several amendments, like the addition of "irreconcilable differences." Verified Am. Compl. at ¶ 5. The Court heard oral arguments for all motions on December 5, 2019, and took the matter under advisement.

## DISCUSSION

The issue before the Court is whether this tribunal is an appropriate forum to adjudicate the parties' dissolution of marriage. Defendant seeks dismissal by asserting Guam is an improper forum under the pleading requirements of Guam Rules of Civil Procedure 12(b) and the *forum non conveinens* doctrine. Mot. Dismiss at 1. Plaintiff opposes dismissal and maintains Guam is an appropriate forum under local statute and the divisible divorce concept. Opp'n Mot. at 2-6.

---

[1] The date of separation is disputed: Plaintiff states September 2016 but Defendant states October 2018. Verified Am. Compl. at ¶ 6; Ex. "A" at ¶ 2. However, the record supports separation in 2016 as Defendant relocated to Arkansas without Plaintiff in 2017. Def.'s Decl. at ¶ 4.

## (1) GUAM HAS JURISDICTION OVER PLAINTIFF

Defendant states Guam lacks adjudicating authority because the parties and matters fall outside its jurisdiction. The Court disagrees and finds dismissal is improper under Guam's dissolution laws.

### a. Guam Has Subject-Matter Jurisdiction over Plaintiff

A court has subject-matter jurisdiction over a party if he "is entitled to have the court decide the merits of the dispute or of particular issues." *Benevente v. Taitano*, 2006 Guam 15 ¶ 14 (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). *See Speicher v. Speicher*, 2013 Guam 11 ¶ 19 ("States have a strong public policy interest in the marital status of persons domiciled in their jurisdiction."). Guam has jurisdiction over divorce and dissolutions of marriage if "one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage." 19 GCA § 8318(a) (2017). For the limited purposes of divorce or dissolution of marriage, a party is a resident of Guam if:

> [O]ne (1) of the parties has been assigned with the U.S. Military to a unit on Guam or a ship home-ported in Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce or dissolution of marriage *or . . . one (1) of the parties is physically present in Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce or dissolution of marriage.*

19 GCA § 8318(a) (emphasis added). Residency in contested actions for divorce or dissolutions must be both pled and proven.[2] *Id.* at § 8319. If a party can prove physical presence on Guam for the ninety days which immediately precede the complaint's filing date, a conclusive presumption of residency will form. *Id.* at §§ 8318-19.

Plaintiff states he is a resident of Guam because he satisfies all the conditions requisite to establishing residency. *Id.* at § 8318(a). Plaintiff offers his continuous residence on Guam since February 28, 2018, which currently estimates a period well beyond ninety days. Opp'n Mot. at 2, 6; Pl.'s Decl. at ¶ 6. Between Plaintiff's alleged outset of residency and the complaint's original filing date, a period of approximately 498 days has passed. *See* Compl. at 1; *see also* Pl.'s Decl. at ¶ 6. This approximation unmistakably satisfies the residency requirements of divorce and dissolution,

---

[2] Divorces and dissolutions with consent have separate conditions which only require a plea or proof. *Id.* at § 8318-19. The Court will not address any dispute of consent as this matter's adjudication contradicts such claim.

which in turn deems Plaintiff a resident of Guam by conclusive presumption. *See* 19 GCA § 5103 ("A presumption is a deduction which the law expressly directs to be made from particular facts."); *see also id.* at § 5105 ("A presumption, unless declared by law to be conclusive, may be controverted by other evidence, direct or indirect, but unless so controverted, the judges and juries are bound to find according to the presumption in all civil cases."). The Court finds Plaintiff is a resident of Guam under local statute; thus Guam has valid subject-matter jurisdiction over Plaintiff.

**b. Guam Has Personal Jurisdiction over Plaintiff**

A court has jurisdiction over a party if he can establish a *prima facie* showing of personal jurisdiction with reasonable particularity. *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 674 F.3d 1218, 1196-97, 1223 (9th Cir. 2011); *Frungillo v. Imperia Entm't, Inc.*, No. 2:14–mc–00047–KJM–CKD, 2015 WL 619628, at *3 (E.D. Cal. Feb. 11, 2015) (citations omitted). *Perez v. United States*, 103 F.Supp. 3d 1180, 1196 (S.D. Cal. 2015) (citing *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Should any factual dispute arise, conflicting evidence is resolved in favor of the plaintiff, while uncontroverted evidence is taken at face-value. *Perez*, 103 F.Supp. 3d at 1196-97. Here, a *prima facie* case for personal jurisdiction is found using the same analysis above.

To establish authority over divorce or dissolution, Guam does not compel complete jurisdiction; jurisdiction over one will suffice. 19 GCA §§ 8318(a), 8319(a) (amending an earlier code which presumed having jurisdiction over a wife based on her husband's domicile or residency); *see Miller v. Miller*, DCA No. 90-00015, 1990 WL 320352 (D. Guam Oct. 22, 1990). This Court has already defined Plaintiff as a resident of Guam by virtue of presumptive conclusion. *See* 19 GCA § 8319 ("Physical presence in Guam for ninety (90) days next preceding the commencement of the action shall give rise to a conclusive presumption of residence in Guam . . . ."); *see also Benevente*, 2006 Guam ¶ 4 (citations omitted). For this reason, further jurisdictional analysis of Plaintiff would be unnecessary. On the above findings, the Court concludes the same: Plaintiff satisfies all the requisite statutory terms which entitle him dissolution of marriage, thus Guam has valid personal jurisdiction over Plaintiff.

/

## (2) GUAM IS NOT AN INAPPROPRIATE FORUM

Defendant states Guam is an inappropriate forum because its authority does not extend to subjects independent from Guam *i.e.* subjects which exist in Arkansas. The Court disagrees and finds dismissal is improper under divisible divorce – irrespective of *forum non conveniens.*

### a. Divisible Divorce

The concept of divisible divorce recognizes the underlying public interest in permitting legal separation of those marital relationships in which "legitimate objects of matrimony have been utterly destroyed." *Hull v. Super. Ct. L.A. Cty.*, 352 P.2d 161, 163 (Cal. 1960) (internal quotations and citations omitted). The guiding principle is "financial responsibility and marital status may be separately litigated at different times and in different forums." *Id.* at 165. "[D]ivisible divorce is more than a jurisdictional concept." *Id.* It allows courts to terminate the parties' marital relationship without triggering a slew of pending or unrelated disputes, *e.g.* child custody, property. *In re Marriage of Gray*, 251 Cal. Rptr. 846, 850 (Ct. App. 1988).

To dissolve a marriage on Guam, a judgment by "a court of competent jurisdiction" must decree such dissolution on permissible grounds. 19 GCA §§ 8201, 8203. Courts have some discretionary power in granting decrees of dissolution. *Id.* at § 8203. However, if a plaintiff satisfies the statutory requirements of divorce or dissolution, then that decree of dissolution must be granted. *See Speicher,* 2013 Guam at ¶ 20 (stating the decision to terminate a marital relationship falls outside court discretion if the marriage is within jurisdictional control and for irreconcilable differences).

Plaintiff's amended complaint seeks a judgment that decrees dissolution of marriage based on irreconcilable differences. "Irreconcilable differences are those grounds which are determined by the Court to be substantial reasons for not continuing the marriage and which make it appear that the marriage should be dissolved." 19 GCA § 8219. Analogous to *Speicher*, if Plaintiff can prove he satisfies the requisite statutes pertinent to dissolving his marriage, then Guam is an appropriate authority and forum to grant such dissolution. 2013 Guam at ¶ 20.

### i. Irreconcilable Differences

"A dissolution of marriage based on [irreconcilable differences] requires proof of 'substantial marital problems which have so impaired the marriage relationship that the legitimate objects of

matrimony have been destroyed and as to which there is no reasonable possibility of elimination, correction or resolution.'" *In re Marriage of Garcia*, 221 Cal. Rptr. 3d 319, 329 (App. 4th 2017) (citing *In re Marriage of Walton*, 104 Cal. Rptr. 472, 481 (App. 4th 1972)).[3] The determination of irreconcilable differences is not an objective one. *In re Walton*, 104 Cal. Rptr. at 479. It requires neither a finding of fault nor direct evidence of objective reasoning. *In re Marriage of Greenway*, 158 Cal. Rptr. 364, 383-84 (App. 4th 2013). Instead, a court "must depend to a considerable extent on the subjective minds of the parties." *In re Walton*, 104 Cal. Rptr. at 479. An irreconcilable difference analysis merely examines a party's subjective state of mind. *In re Greenway*, 158 Cal. Rptr. at 383. "It is sufficient evidence for a party to subjectively decide the marriage is over and there is no hope of reconciliation." *Id.* at 383-84.

In *Greenway*, a husband sought divorce from his wife for irreconcilable differences. *Id.* at 382. His testimony revealed he sought to participate in his legal separation case against her as she became intolerable to live with; she interfered with his medical care; and their relationship had already been bad for the past thirty years. *Id.* at 383. The court granted the husband request for divorce based on irreconcilable differences and stated, "a marriage can break down without direct evidence of an affair or identifiable major disagreement between the parties." *Id.* at 383-84.

The parties' actions – towards each other and towards society – strongly suggest their awareness of a troubled relationship and an inevitable separation. This suggestion became fact when the parties began living separately and apart in 2016. Prior to this, record of the relationship is limited. The parties lived together for over seven years and, in that time, had two children and three different residences. Def.'s Decl. at ¶ 4. Since then, the parties have settled and continue to settle in their present residential states. They have been living separately for about nine months.[4] *Id.*

Although Defendant objects in her Answer, the facts in her petition for divorce matches Plaintiff's, to wit: child custody and property division. The child custody agreements stated in both petitions have the same terms. Ex. "A" at ¶ 3; Verified Am. Compl. at ¶ 7. In fact, the arrangement

---

[3] This Court turns to California cases to interpret and apply the irreconcilable differences statute as persuasive authority. *See Sumitomo Constr. Co. v. Zhang Ye, Inc.*, 1997 Guam 8 ¶ 17 (reasoning "[g]enerally when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction").
[4] Nine months is the difference between the Complaint's filing and the earliest separation date. *Above*, n.1.

sought is the equivalent of the parties' current custody arrangement. *Id.* Likewise, the parties attempt to characterize and divide property in individualized terms – only to reach the same conclusions. Both pleadings state there is no real property, community debt, or community property to be adjudicated. Ex. "A" at ¶¶ 4-6; Verified Am. Compl. at ¶¶ 10-12. It also suggests the parties' separate property and debt were already divided prior to Plaintiff's complaint. Verified Am. Compl. at ¶ 11-14. These statements indicate the parties had likely discussed the idea of separation in the past. Moreover, the fact the property division had already occurred may suggest their anticipation to divorce.

The record strongly suggests the parties' desire for indefinite separation without reconciliation. Plaintiff and Defendant both filed individual petitions for divorce. Defendant does not seek divorce on irreconcilable differences or any specific grounds in general.[5] Instead, she seeks "absolute divorce from [Plaintiff]." Ex. "A" at ¶ 9. She states [Plaintiff] has treated [her] with such indignities that [her] condition in life has been rendered intolerable for her to continue to live with [him.]" *Id.* at ¶ 8. Likewise Plaintiff states – in no uncertain terms – that there "are substantial reasons for not continuing the marriage . . . which make it appear that the marriage should be dissolved" and "[t]here is no possibility of a reconciliation between the Parties." Verified Am. Compl. at ¶ 5; Opp'n Mot. at 3; Pl.'s Decl. at ¶ 9. Plaintiff states he is committed to another romantic relationship. *Id.* Essentially, the lack of attempt, intent, desire or action clearly shows the marriage is subjectively *and* objectively over. *Hull* states, "public interest is not enhanced by refusing people the right to legally terminate a relationship which has already been irrevocably severed in fact." *Hull*, 352 P.2d at 163.

The Court finds there is sufficient proof of irreconcilable differences to justify divorce. Plaintiff and Defendant's actions express both subjective and objective belief of an irreparable marriage. "The power to prevent the final dissolution of such marriages should be used only when necessary to preserve the authority of the court." *Id.* This is not the case here. There is no reason to deny dissolution when the relationship at stake is already severed in fact. Plaintiff satisfies all requisite conditions which entitle him to a divorce. The concept of divisible divorce allows Plaintiff

---

[5] Arkansas is not a no-fault state.

his dissolution without compromising any other matter that is reserved for future litigation. Thus, the Court finds Guam is an appropriate forum to decide on the sole issue of dissolution of the martial relationship.

### b. Forum Non Conveniens

"*Forum non conveniens* . . . invok[es] the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere." *Stangvik v. Shiley Inc.*, 819 P.2d 14, 17 (Cal. 1991) (citations omitted). *Forum non conveniens* balances both public and private interests in determining a forum's appropriateness. *Speicher*, 2013 Guam ¶ 10 (citing *PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc.*, 1999 Guam 17 ¶ 41). Trial courts will generally respect a plaintiff's choice of forum; thus, a "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *PCI Commc'ns, Inc.*, 1999 Guam 17 ¶ 14 (quoting *Walter Fuller Aircraft Sales, Inc., v. Republic of the Phil.*, 965 F.2d 1375, 1389 (5th Cir. 1992)); *Porte v. United States*, Civ. Case No. 08-00008, 2009 WL 10712943, at *3 (D.Guam, Apr. 9, 2009) (citing *Decker Coal Co. v. Commw. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

Defendant argues Guam is an inconvenient forum for litigation in comparison to Arkansas. She raises concerns such as witness availability, disruption of the children's routines and schedules, financial strain, judicial economy and duplicity of lawsuits. Mot. Dismiss at 4-6. However, none of Defendant's concerns would be implicated since the outstanding issue is purely severance of the marital relationship. Under divisible divorce, granting Plaintiff a decree of dissolution alone will not trigger other auxiliary matters. *See In re Gray*, 251 Cal. Rptr. at 850. Though a decree would dissolve their marital status, child custody and personal property can be properly argued in Arkansas,

A court cannot extinguish a party's right to property without proper jurisdiction. *See Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418 (1957) ("Since the wife was not subject to its jurisdiction, the Nevada divorce court has no power to extinguish any right which she had under the law of New York to financial support from her husband."). Under divisible divorce, Defendant's opportunity to dispute matters separate from the marital status would be preserved. The Full Faith and Credit Clause allows judgment on the marital status without overstepping potential property

rights. *Speicher*, 2013 Guam at ¶ 17. *See id.* at 16 ("The U.S. Supreme Court held that under the Full Faith and Credit Clause . . . New York had to respect Nevada's dissolution of the marriage relationship, but Nevada could not remove the wife's intangible property interests . . . without *in personam* jurisdiction."). Because Plaintiff only seeks dissolution of the marital relationship, Guam remains an appropriate forum under the doctrine of *forum non conveniens*. Although the parties' remaining issues require further litigation, the ending the marital relationship would not; therefore, the Court finds dismissal to be improper.[6]

## CONCLUSION

By a preponderance of the evidence and based on the foregoing conclusions, the Court hereby **DENIES** Defendant Kaitlyn Oliveras's Motion to Dismiss.

*FURTHER PROCEEDINGS: 3/19/2020 at 9am*

**SO ORDERED** this **2⁵** day of <u>February 2020</u>.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT
I acknowledge that a copy of the
original hereto was placed in the
courtbox of:
Benita
Phillips
Date: 2/25/20
Deputy Clerk, Superior Court of Guam

---

[6] The Court makes no finding as to matters outside the dissolution of the marital relationship. Unless stated otherwise, this Decision and Order has no binding on actions outside and subsequent to this matter.